Dear Mr. Pratt:
You have requested an opinion of the Attorney General in your capacity of Custodian of Notarial Records for the Parish of Orleans (Custodian). You specifically ask whether you can enter into a lease of storage space outside the Civil District Court Building (Court Building) for the relocation and storage of historical records dated from the early 1700's to the early 1900's.
You correctly note that state law requires the Custodian to maintain a central office in the City of New Orleans in the Court Building. The law is silent regarding the ability of the Custodian to rent additional space in another location.
You note that you are the final dispository of original historical documents dating back to the year 1700, all of which must be kept in perpetuity. These records are currently being stored in the basement of the Court Building, an area that is susceptible to flooding and equipped with no fire suppression system. Further, the vast majority of these documents have not yet been microfilmed and their loss would be irreplaceable. The problem is being compounded by the fact that you have almost exhausted the space available for the filing of new documents which are received on a daily basis.
You have the opportunity to lease additional storage space in the Amoco Building conveniently located across the street. You have been offered a lease ranging from 3 to 5 year terms at $12.50 per square foot, well below the fair market value of $15 to $16 per square foot in that same area.
The laws pertaining to the Custodian are found at R.S. 35:321
through 337. Section 323 (A) provides, in pertinent part, the following:
 "A. The custodian shall maintain a central office in the city of New Orleans in the Civil District Court Building in quarters presently provided by the city of New Orleans or other quarters in said courthouse to be provided in the city of New Orleans. . . ."
Paragraph C of Section 323 authorizes the custodian to charge a fee for each instrument filed and deposited in his office. Prior to 1984, this fee was fixed at $3 per instrument. However, in 1984, the Section was amended to increase the fee to $5. Paragraph (C)(1)(b) provides with regard to the use of these funds as follows:
 "(b) The difference between the fees charged by the custodian of notarial records under the provisions of this Subsection and the fees charged under the provisions of this Subsection prior to its amendment by the 1984 Regular Session of the Legislature shall be used exclusively for purchasing microfilm equipment and replacements of copying machines, paying for the cost of book repairs, and/or payment of salary increases for employees and the payment of salaries of additional employees hired for microfilming, operation and book repair. The additional filing fees established under this Subsection as amended by the 1984 Regular Session of the Legislature shall be used for additional compensation of employees, excluding the custodian of notarial records, and other expenses of the office. . . ." (Emphasis added)
In this regard, you state that the Custodian is completely self-sufficient, receiving absolutely no funding from the State or City. Thus, the proposed lease payments will be paid by the Custodian from self-generated funds budgeted for that purpose.
Article VII, Section 14(C) provides with respect to cooperative endeavors as follows:
 "(C). Cooperative Endeavors. For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual."
This office has consistently held that the following requirements are necessary for a valid cooperative endeavor agreement:
 (1) There must be a legal obligation or duty upon which the agreement is founded; (2) The purpose of the agreement must be public in nature; and (3) The public benefit must be proportionate to the cost.
Attorney General Opinion Nos. 97-471-A, 96-115, 93-787 and 90-651.
Applying these criteria to the issue at hand, we note that R.S. 35:323 unequivocally places the duty and responsibility on the Custodian to collect and preserve in their original forms the documents and instruments in question. The relocation of these historically significant documents clearly constitutes a public purpose. Finally, it would appear that the benefits received by the State through the Custodian are reasonably commensurate to the lease payments which are well below fair market value.
Accordingly, it is the opinion of this office that the Custodian may enter into a cooperative endeavor agreement for the lease of storage space in the Amoco Building for the emergency relocation of historic documents currently housed in the basement of the Court Building. The new accommodations would not be susceptible to flooding and are equipped with a fire suppression system. The cooperative endeavor agreement, itself, should reflect the mutual obligations and benefits to be performed and received by each party, thereby assuring that the benefits received by the Custodian are commensurate to his financial participation. In accord is Attorney General Opinion No. 81-755, which is attached for your reference and convenience.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III/dra
Enclosure
State of Louisiana
DEPARTMENT OF JUSTICE WILLIAM J. GUSTE, JR. 7TH FLOOR ATTORNEY GENERAL 2-3-4 LOYOLA BUILDING NEW ORLEANS 70112